PER CURIAM.
W.H., a child, appeals the trial court’s order adjudicating him delinquent and commit *368 ting him to the Department of Juvenile Justice in this petit theft case. We affirm.
On December 2, 1997, an off-duty police officer working shoplifting detail observed W.H. and two juvenile males in a grocery store. The officer saw W.H. place five candy bars into his jacket pocket and exit the store without paying for them. The officer then apprehended W.H. and recovered the candy bars from his person. When the officer relayed this information at trial, defense counsel objected arguing that the State had made a pretrial discovery violation hy failing to disclose the names of the juveniles who had accompanied W.H. to the store. The trial court overruled the objection and subsequently found W.H. guilty of misdemeanor petit theft.
On appeal, W.H. realleges that the State committed a discovery violation under Brady[1] by failing to disclose the names of the two boys who were with W.H. at the time of the crime. However, W.H.’s argument does not succeed on its merits because the defense should have been able to locate the evidence during its investigation. Disclosure requirements under Brady are limited to evidence that is not available to the defense upon “reasonably diligent preparation.” See Breedlove v. State, 413 So.2d 1, 4 (Fla.1982); Perry v. State, 395 So.2d 170, 174 (Fla.1980). In the instant case, W.H. acknowledged that he went to the grocery store with two friends. There is no reason to believe that the names of W.H.’s “friends” were not readily known to him or that he would not have been able to learn the names upon reasonable inquiry.
Affirmed.
PARKER, C.J., and BLUE and FULMER, JJ., Concur.

. See Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).